## THRESHER BROTHERS, INC v EICHEL

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13158. Decided Nov 13, 1933

McKeehan, Merrick, Arter & Stewart, Cleveland, George W. Cottrell, Cleveland, and Thos. V. Koykka, Cleveland, for plaintiff in error.

S. Monroe Wittenberg, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

We are of the opinion that the evidence of the injured party that the hole in the carpet was an old worn hole is sufficient to furnish the necessary scintilla so as to require a submission of the case to the jury.

(2). That the court erred in permitting the plaintiff to cross-examine the witness, Ralph Thresher, under §11497 GC.

It is claimed that while Ralph Thresher was the General Manager of the store that he not being a party to the suit, nor an officer of the defendant corporation, is not within the contemplation of the General Code which permits cross-examination of a party to the suit.

Neither side cited the court to any adjudicated case dealing with the general manager of a corporation, and the right to call him for cross-examination. There is reason for the holding that the general manager who was in full control and supervision of the premises where the injury occurred has peculiar knowledge of the circumstances and in addition he has a natural interest in the corporation which he is serving and that therefore he should be regarded in a sense as a party to the suit.

It is our thought that the reason §11497 GC was enacted so as to permit the calling of a party for cross-examination is because it may be assumed that such an interested party would be a hostile witness under the general rule which permits the cross-examination of hostile witnesses. We are not, however, finding it necessary to definitely decide this point because an examination of the record discloses that the information elicited from the general manager on cross-examination was not prejudicial.

(3) That the court erred in its charge because the jury was given no proper guide by which to measure defendant's conduct or to measure his duty to the plaintiff.

At the conclusion of the court's general charge, counsel for plaintiff in error requested the court to charge on the general proposition that before the defendant can be found negligent there must be notice to it of any defective condition which may have existed or that it had continued for so long that the defendants should have known.

As we peruse the general charge we are of the opinion that it is sufficiently embracive to include this request to charge given at the conclusion of the court's general charge. Had this request to charge been made before argument it would have been clearly the duty of the court to give it as requested, but since the request was not made until after the conclusion of the general charge, we must look to the charge given as a whole and determine whether it is sufficiently embracive so as to include the proposition of law requested to be given after the general charge was delivered by the court.

Plaintiff in error's counsel also requested the court to say to the jury that if it finds

that there was some defective condition existing in the carpet, and if that defective condition proximately caused the accident, and if the jury finds that the defective condition did not exist prior to the plaintiff's fall, then it must return a verdict for the defendant. The court refused to give this charge.

We are of the opinion, after perusing the general charge, that it was not sufficiently embracive to cover this proposition of law and that the plaintiff in error was clearly entitled to this last request to charge, as it stated an undeniable proposition of law.

We are of the opinion that while the charge of the court sufficiently outlined the general propositions of law relating to negligence in cases like the case at bar, that the court did not clearly apply these propositions to the present case. Had the attention of the court not been called to it by this last request to charge which was denied the plaintiff in error could not have been heard to complain. It appearing, however, that the court's attention was clearly challenged to the failure to apply the general principles of law to the present case, that it became thereafter the duty of the court to give to the jury this last request to charge.

We find error in the refusal of the court to grant the same. The judgment of the Municipal Court is therefore ordered reversed and the case remanded.

LIEGHLEY, PJ, and McGILL, J, concur in judgment.